UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ENOUCH J. KERMUE, Petitioner | CIVIL ACTION NO. 1:20-CV-00852-P |
| VERSUS | JUDGE DRELL |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Enouch J. Kermue ("Kermue"). Kermue is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Processing Center in Jena, Louisiana.

Because this Court lacks jurisdiction over Kermue's claim, the Petition (ECF Nos. 1) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Kermue is a native of Liberia, but claims to be a naturalized United States citizen. ECF. No. 1 at 6. Kermue pleaded guilty to conspiracy to commit wire fraud affecting a financial institution in the United States District Court for the Southern District of Ohio. *United States v. Kermue*, No. 2:15-CR-00127, ECF No. 309. He was sentenced to 46 months of imprisonment. *Id.*

Upon completion of his federal sentence, Kermue was transferred to ICE custody. ECF No. 1 at 5. Kermue states that he was ordered removed on May 22,

2020.  ECF No. 1 at 6.  Kermue seeks a release from custody on the grounds that he is a naturalized citizen and was never informed prior to pleading guilty that he would face deportation.  ECF No. 1 at 8.

II.    <u>Law and Analysis</u>

Kermue's challenge to his detention is premised on the invalidity of his order of removal and criminal proceeding.

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019).  Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).  Because Kermue claims he is a naturalized citizen not subject to removal, the REAL ID Act divests this Court of jurisdiction over Kermue's claim.

To the extent Kermue challenges the legality of his guilty plea or resulting conviction, this Court also lacks jurisdiction.  Section 2255 provides the primary means of collaterally attacking a federal conviction.  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  A motion under § 2255 must be filed in the court of

conviction. *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Although a petitioner may rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), Kermue makes no such allegation here.

III.    Conclusion

Because this Court lacks jurisdiction over Kermue's claims, IT IS RECOMMENDED that the Petition (ECF Nos. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of July 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4